UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INFORMATION CR 09-346 JRT |
| Plaintiff, ) | |
| ) | (18 U.S.C. § 371) |
| v. ) | (18 U.S.C. § 981(a)(1)(C)) |
| ) | (28 U.S.C. § 3461(c)) |
| JEFFREY MICHAEL TAYLOR, ) | |
| Defendant. ) | |

THE UNITED STATES ATTORNEY CHARGES THAT:

1. At all times relevant to this Information, defendant Jeffrey Michael Taylor was an individual resident of the State of Minnesota and was an owner of First Solution Lending, Inc. ("First Solution"), a mortgage lender with its principal place of business in Maple Grove, Minnesota.

2. At all times relevant to this Information, First Solution had a correspondent lending relationship with warehouse lender CitiMortgage, a/k/a First Collateral Services, which funded mortgage loans originated by First Solution.

3. In or about April of 2005, defendant Taylor acquired a vacation property in Scottsdale, Arizona (the "Scottsdale Property") in a transaction which resulted in defendant Taylor acquiring minimal equity in the property.

4. In or about March 2006, defendant Taylor attempted without success to sell the Arizona Property for $1.85 million.

FILED NOV 1 3 2009
RICHARD D. SLETTEN
JUDGMENT ENTD ____
DEPUTY CLERK ____

SCANNED
NOV 1 3 2009
U.S. DISTRICT COURT MPLS

<u>U.S. v. Jeffrey Michael Taylor</u>

## COUNT 1
(Conspiracy to Commit Mortgage Fraud Through
the use of the Wires)

5. In or about March and April of 2007, in the State and District of Minnesota, the defendant,

**JEFFREY MICHAEL TAYLOR,**

did unlawfully, willfully and knowingly conspire, combine, confederate and agree with another person known to the United States Attorney to commit an offense against the United States, that is, to devise a scheme and artifice to defraud CitiMortgage, and to obtain money and property from CitiMortgage by means of material false and fraudulent representations and promises and, for the purpose of executing of such scheme, to cause an interstate wire in the amount of $588,200.51 to be transmitted from California to Arizona, in violation of Title 18, United States Code, Section 1343.

### Object of the Conspiracy

4. It was the object of the conspiracy fraudulently to induce CitiMortgage to fund a $592,500 loan to the defendant's unindicted coconspirator purportedly secured by a second mortgage on the Scottsdale Property, even though neither the defendant nor his coconspirator had sufficient equity in the Scottsdale Property to secure repayment of this CitiMortgage loan.

U.S. v. Jeffrey Michael Taylor

## Manner and Means

It was part of the conspiracy that in or about March and April of 2007:

5. Defendant Taylor transferred by warranty deed his interest in the Scottsdale Property to his unindicted coconspirator for no consideration.

6. Defendant Taylor then caused a loan application in the name of his unindicted coconspirator to be filled out with materially false information, to-wit, that the Scottsdale Property had been acquired by the unindicted coconspirator in 2005 for $2,260,000; and that the unindicted coconspirator had $825,000 of equity in the Scottsdale Property.

7. Defendant Taylor submitted the loan application mediately to CitiMortgage through First Solution, resulting in the funding of a loan to the unindicted coconspirator in the amount of $592,500.

8. After the loan funded, defendant Taylor caused his unindicted coconspirator to pay to defendant Taylor, and to others for the benefit of Taylor, substantially all of the proceeds of the fraudulently-obtained loan.

9. Neither defendant Taylor nor his unindicted coconspirator ever made any of the monthly payments of $4,555.81 to pay off the fraudulently-obtained loan.

U.S. v. Jeffrey Michael Taylor

## Overt Acts

In furtherance of the conspiracy and to achieve its object, defendant Taylor committed, directly and through accomplices, among other acts, the following overt acts:

10. On or about March 27, 2007, the defendant Taylor signed a warranty deed transferring to his unindicted coconspirator all of his right, title and interest in and to the Scottsdale Property for no consideration.

11. On or about April 6, 2007, defendant Taylor submitted to CitiMortgage, mediately through First Solution, a uniform residential loan application in the name of his unindicted coconspirator which was materially false in the following respects:

- it reported that his unindicted coconspirator acquired the Scottsdale Property in 2005 for $2,260,000 (even though defendant Taylor purchased the property himself in 2005 for only $1,500,000);

- it reported that "present market value" of the Scottsdale Property was $2,325,000, and that the unindicted coconspirator had $825,000 of equity in the Scottsdale Property, even though defendant Taylor had been unable to sell the Scottsdale Property for $1.85 million in 2006.

11. On or about April 6, 2007, defendant Taylor caused First Solution to submit a loan funding request to CitiMortgage for

4

U.S. v. Jeffrey Michael Taylor

$580,650.

12. On or about April 6, 2007, the date CitiMortgage funded the loan, defendant Taylor caused the title company closing the transaction with his unindicted coconspirator to pay his former wife $100,000 of the loan proceeds to satisfy a liability.

13. On or about April 13, 2007, defendant Taylor caused his unindicted coconspirator to write and sign two checks in the aggregate amount of $220,000 payable to a business Taylor owned called JT & TJ, Inc.

14. On or about April 13, April 23 and April 27, 2007, defendant Taylor caused his unindicted coconspirator to sign three checks in the aggregate amount of $43,500 payable to Jeff Taylor.

All in violation Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATION

Count 1 of this Information is hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

As the result of the offense alleged in Counts 1 of this Information, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real

U.S. v. Jeffrey Michael Taylor

or personal, which constitutes or is derived from proceeds traceable to the violation of Title 18, United States Code, Section 371.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All in violation of Title 18, United States Code, Sections 371 and 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

Dated: 11/13/09

B. TODD JONES
United States Attorney

*David J. MacFaughn* (signature)

BY: David J. MacLaughlin
Assistant U.S. Attorney
Attorney ID No. 211849